UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MAIN HASTINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:10-cv-0454-TJW-CE |
| | § | |
| FEDEX CORPORATION, | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

### DEFENDANT'S UNOPPOSED MOTION TO TRANSFER
### PURSUANT TO 28 U.S.C. § 1404(a)

Defendant Federal Express Corporation ("FedEx") hereby moves for an order transferring this action to the United States District Court for the Western District of Tennessee, pursuant to 28 U.S.C. § 1404(a). The parties have conferred in compliance with Local Rule CV-7(h), and counsel for the Plaintiff has indicated that this motion is unopposed by Plaintiff.

## I.  INTRODUCTION

This action should be transferred to the Western District of Tennessee, where the Defendant and all of the relevant witnesses and documents are located, because the case has no connection with the Eastern District of Texas. The Plaintiff itself does not reside in the Eastern District of Texas, but rather in Austin, Texas, which is located in the Western District of Texas. As a *qui tam* relator, the Plaintiff's choice of venue is given little weight, as the United States Government is the real party-in-interest in this matter, and can bring suit elsewhere in the United States. In short, there is no legally valid reason to maintain this action in the Eastern District of Texas. Thus, transfer of this action is warranted pursuant to 28 U.S.C. § 1404 and FedEx respectfully requests that the Court transfer this action to the Western District of Tennessee.

## II.     STATEMENT OF THE ISSUES

Pursuant to Local Rule CV-7(a)(l), the Court must determine whether FedEx has shown good cause for this action to be transferred to the Western District of Tennessee, which is where FedEx, along with all of the evidence and witnesses, are located.  No parties, evidence, or witnesses are located in the Eastern District of Texas.

## III.    FACTUAL SUMMARY

### A.     Defendant Federal Express Corporation

FedEx is a Delaware corporation with its principal place of business in Memphis, in Shelby County, Tennessee, and is thus located in the Western District of Tennessee.  (App. 4.) *See also* 28 U.S.C. § 123.  All of the relevant witnesses, and all of the documents that are pertinent to this action, are located in the Western District of Tennessee.  (App. 1-2.)  All acts related to Plaintiff's false-marking claim occurred in the Western District of Tennessee.  (App. 3.)  The product made the basis of Plaintiff's false marking claim, FedEx's 727 jet engine hushkit, was designed and developed in the Western District of Tennessee.  (App. 3.)  All of FedEx's employees who are responsible for marketing decisions reside in the Western District of Tennessee.  (App. 1-2.)  Even though the key witnesses in this case are Defendant's employees and are, therefore, likely to testify voluntarily, they are not subject to the compulsory process of this Court because they reside in Tennessee.  (App. 4.)  Indeed, none of the evidence required to prove Plaintiff's claim is located in the Eastern District of Texas.  (App. 3.)

### B.     Plaintiff Main Hastings, LLC

On September 13, 2010, the Plaintiff, Main Hastings, LLC, was formed as a Texas business entity.  (App. 4-5.)  Its address is 7719 Wood Hollow Drive, Suite 200, Austin, Travis County, TX, 78731, which is located within the Western District of Texas.  (App. 5.)  See 28

U.S.C. § 124.  According to Plaintiff's corporate filings with the Texas Secretary of State, Plaintiff's sole officer is an individual named Ben Lee, who holds the title of Manager and maintains an address at 14271 Jeffrey Road, Suite 130, Irvine, California 92620.  Mr. Lee's address in Irvine, California 92620 is located within the Central District of California.  (App. 5.)  Since its formation on September 13, 2010, the Plaintiff has filed fifty-five actions in the Eastern District of Texas alleging false patent marking.  The Plaintiff recently filed six of those actions on the same day December 29, 2010.  (App. 5.)

### C. Distance Between Witness Location and Courts and Case Disposition Statistics

The distance between Marshall, Texas, where the Court is located, and the location of FedEx's corporate headquarters in Memphis, Tennessee, is approximately 371 miles.  (App. 6.)  In contrast, the distance between FedEx's corporate headquarters and the United States District Court for the Western District of Tennessee is only twenty-two miles.  (App. 6-7.)

The transfer of this case to the Western District of Tennessee would not cause a material change in the amount of time required to dispose of the case.  As of December 31, 2009, the median time interval from filing to case disposition in the Eastern District of Texas was 10.5 months overall, and for cases proceeding to trial, the median time interval from filing to case disposition was 26.1 months.  Similarly, the median time interval from filing to case disposition in the Western District of Tennessee was 11.5 months overall, and for cases proceeding to trial, the median time interval from filing to case disposition was 27.6 months.  (App. 6.)

### IV. ARGUMENT

**A.** *This Action Should Be Transferred to the Western Division of the Western District of Tennessee, which is the Venue with the Most Meaningful Connection to the False Patent Marking Claim and the Relevant Facts.*

Transfer of venue between federal courts is governed by 28 U.S.C. ¶ 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

District courts are permitted to grant transfers upon a lesser showing of inconvenience under § 1404(a) because § 1404(a) venue transfers do not have the serious consequences of forum non conveniens dismissals. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). A motion to transfer venue should be granted if the movant shows that the transferee venue is "clearly more convenient" that the venue chosen by the plaintiff. *Id.* at 315.

The United States Court of Appeals for the Fifth Circuit held in *Volkswagen*, 545 F.3d 304 (5th Cir. 2008), an en banc decision, that it is a clear abuse of a trial court's discretion to deny a motion to transfer venue where, as here, the witnesses and the evidence are located in another venue. In the decision, the Fifth Circuit granted a defendant's writ of mandamus, and held that "[t]he district court clearly abused its discretion and reached a patently erroneous result" when it denied a motion to transfer venue from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas, a venue just 155 miles away**,** where the witnesses and evidence were located. *Volkswagen*, 545 F.3d at 319.

The Federal Circuit, which has jurisdiction over patent appeals, has reached the same result. *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) (granting petition for writ of mandamus and ordering transfer of case from Eastern District of Texas to Northern District of Indiana); *In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009) (granting petition for writ of mandamus and ordering transfer of case from Eastern District of Texas to Western District of Washington); *In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) (granting petition for writ of mandamus and ordering transfer of case from Eastern District of Texas to Eastern District of North Carolina); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) (granting petition for writ of mandamus and ordering transfer of case from Eastern District

of Texas to Northern District of California); and *In re TS Tech USA Corporation*, 55 1 F.3d 1315 (Fed. Cir. 2008) (granting petition for writ of mandamus and ordering transfer of case from Eastern District of Texas to Southern District of Ohio).

In the false patent marking case at issue here, the witnesses and evidence are located in Memphis, Tennessee, which is located in the Western District of Tennessee, a venue more than 370 miles away from the Eastern District of Texas. (App. 6.) Moreover, it would be inconvenient for the witnesses to interrupt their personal lives, and their business, to travel to trial in the Eastern District of Texas. (App. 2.) None of the evidence, and no likely witnesses, are located in the Eastern District of Texas. (App. 1-3.) Critically, as a *qui tam* relator, the Plaintiff's choice of venue is accorded little weight, since the United States Government is the real party-in-interest, and can bring its claims elsewhere. *See San Francisco Tech. v. Glad Prods. Co.*, No. 10-cv-00966, 2010 U.S. Dist. LEXIS 83681 (N.D. Cal. July 19, 2010).

Venue is proper in the Western District of Tennessee because FedEx is subject to personal jurisdiction in that district. 28 U.S.C. § 1391(c). An action under the patent false marking statute may be brought in any judicial district where the defendant "resides." *Id.* FedEx's corporate headquarters and principal place of business are in Memphis, in Shelby County, Tennessee, which is located within the Western District of Tennessee. (App. 4.) *See also* 28 U.S.C. § 123. FedEx is subject to personal jurisdiction in the Western District of Tennessee not only because it "resides" there, but also because the alleged acts that are the subject of Plaintiff's false marking claim occurred there. (App. 3.) Thus, this action could (and should) have been brought in the Western District of Tennessee.

All of the operative facts relating to this case occurred outside of Texas and, in fact, all occurred in Western District of Tennessee. FedEx's product identified in Plaintiff's Complaint

was designed and developed in Western District of Tennessee. (App. 3.) All of FedEx's employees responsible for sales and marketing decisions are located in the Western District of Tennessee. (App. 3.) All of the documents and witnesses relating to Plaintiff's false marking claim against FedEx are located in the Western District of Tennessee, and none are located in Texas. (App. 1.) Neither the Plaintiff nor its Manager resides in the Eastern District of Texas. (App. 4-5.) The Western District of Tennessee, rather than the Eastern District of Texas, is the venue with interest in this case and its subject matter. This is further demonstrated upon consideration of the applicable private- and public-interest factors, as discussed below.

**B.** *Consideration of the Fifth Circuit's Private- and Public-Interest Factors Leads to the Conclusion That This Action Should Be Transferred to the Western District of Tennessee.*

The Fifth Circuit has adopted private and public interest factors as appropriate for the determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice. *See Volkswagen*, 545 F.3d at 314 n.9; *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* Although the factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover, the Fifth Circuit has noted that "none . . . can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar.*

*Corp.*, 358 F.3d 337, 340 (5th Cir. 2004); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Consideration of the private-interest and public-interest factors supports the conclusion that the Western District of Tennessee is the venue with the most meaningful connection to the Plaintiff's false patent marking claim and the relevant evidence and witnesses. Accordingly, the Court should order this action transferred to the Western District of Tennessee.

**1.     The Private-Interest Factors Favor Transfer to Western District of Tennessee.**

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Here, a consideration of all these factors leads to the conclusion that transfer to the Western District of Tennessee is warranted.

**a.     The Relative Ease of Access to Sources of Proof**

As explained above, all of the documents and witnesses relating to Plaintiff's false marking claim against FedEx are located in the Western District of Tennessee. The relative ease of access to sources of proof relating to the alleged false marking clearly point to the Western District of Tennessee. Further, the convenience of the parties overwhelmingly favors transfer to the Western District of Tennessee. FedEx has all of its relevant documents and witnesses in the Western District of Tennessee, while no relevant witnesses in this case are located in the Eastern District of Texas. The Fifth Circuit in *In re Volkswagen* found that this factor weighed in favor of transfer, because in that case, as here, "[a]ll of the documents and physical evidence" relating to the action were located in the transferee venue. 545 F.3d at 316.

    **b.**  **The Availability of Compulsory Process to Secure the Attendance of Witnesses**

Non-party witnesses, such as the Web site vendor identified in the Declaration of John Kinch, who are located more than 100 miles from the Eastern District of Texas, are outside this Court's subpoena power for trial under Fed. R. Civ. P. 45(c)(3), and any trial subpoenas for such witnesses to travel more than 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(c)(3). Conversely, as the alternate and more convenient venue, the Western District of Tennessee is a proper venue that will "enjoy absolute subpoena power for both depositions and trial." *Volkswagen*, 545 F.3d. at 316. "[T]he venue transfer analysis is concerned with convenience," and this factor dictates in favor of a transfer. *Id.*

    **c.**  **The Cost of Attendance for Willing Witnesses, and All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive**

The costs to be suffered by FedEx's willing witnesses in connection with testifying in this matter would be significantly lower if the case is transferred to the Western District of Tennessee, where FedEx has its corporate headquarters and business operations. (*See* App. 2.) *See also Volkswagen*, 545 F.3d at 317 (noting that "[w]itnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community."). With regard to this factor, the Fifth Circuit also noted the following:

> In *In re Volkswagen I* we set a 100-mile threshold as follows: When the distance between an existing venue for trial of a matter and a proposed venue under *§ 1404(a)* is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. We said, further, that it is an "obvious conclusion" that it is more convenient for witnesses to testify at home and that [additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

545 F.3d at 317 (internal quotations and citations omitted). Here, the approximate distance between Memphis, Tennessee, where FedEx's headquarters is located, and Marshall, Texas, where the Court is located, is approximately 370 miles, far more than the 155 miles which warranted transfer in *In Re Volkswagen*. (App. 6.)

In contrast, the Western District of Tennessee is only twenty-two miles from FedEx's headquarters, and within an easy commute of the homes of the relevant witnesses in this matter. (App. 2, 6-7.)

Accordingly, consideration of the private-interest factors overwhelmingly favors transfer to the Western District of Tennessee.

### 2. The Public-Interest Factors Favor Transfer to Western District of Tennessee.

A consideration of the public-interest factors likewise favors a transfer. The public interest factors to be considered by the Court are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). As shown below, none of these factors warrant denial of FedEx's motion to transfer venue, since no administrative difficulties are likely in the Western District of Tennessee. Furthermore, this is not a case of local interest, but instead a case involving federal patent law, a body of law with which any federal forum has familiarity. Finally, this case poses no concern regarding the application of either conflict of law principles or foreign law.

#### a. The Administrative Difficulties Flowing From Court Congestion

There is no reason to believe that there are administrative difficulties in bringing this case in the Western District of Tennessee. According to 2009 U.S. Government statistics, the median

pendency of a case before the Western District of Tennessee (11.5 months overall, 27.6 months for cases that proceed to trial), is very similar to the median pendency of a case in the Eastern District of Texas (10.5 months overall, 26.1 months for cases that proceed to trial).  (App. 6.)

### b.   The Local Interest in Having Localized Interests Decided at Home

There is no local interest involved in this case which would outweigh the local interest in the Western District of Tennessee (or any forum, for that matter), since the cases alleges false patent marking, a matter of federal law, on the part of a company based in Memphis, Tennessee. Moreover, not even the Plaintiff resides in the Eastern District of Texas.

### c.   The Familiarity of the Forum with the Law That Will Govern the Case

The Plaintiff's Complaint alleges one count, false patent marking in violation of 35 U.S.C. § 292.  Thus, this case will be governed by federal patent law, and in particular, the federal false marking statute.  Accordingly, the United States Distrcit Court for the Western District of Tennessee will be familiar with the law that will govern the case, a point which the Plaintiff cannot contest.  This factor does not support the denial of FedEx's motion to transfer venue.

### d.   The Avoidance of Unnecessary Problems of Conflict of Laws [or in] the Application of Foreign Law

There are no choice of law considerations at issue here, nor will foreign law be applied, since federal law relating to the false marking statute, 35 U.S.C. § 292, is applicable here.  The federal marking statute will be the same from the perspective of any district court, and in any event is the subject of precedent established by the Court of Appeals for the Federal Circuit.  *See* 28 U.S.C. § 1295 (providing for Federal Circuit jurisdiction of all actions arising under the patent statute).  Accordingly, this factor does not warrant a denial of FedEx's motion to transfer venue to the Western District of Tennessee.

As illustrated above, a consideration of both the private-interest and public-interest factors favors transfer of this action to the Western District of Tennessee. The Western District of Tennessee, rather than the Eastern District of Texas, has a greater interest in hearing Plaintiff's claim for false marking against FedEx. All of FedEx's activities that are relevant to this case occurred in the Western District of Tennessee.

**C.**  *District Courts Have Overwhelmingly Concluded That a Venue Transfer is Warranted Under These Circumstances.*

A multitude of federal district courts have granted motions to transfer venue in patent false marking actions where, as here, a Plaintiff has sued a Defendant in a venue other than where the Defendant, the witnesses, and evidence are found. *See, e.g., Clip Ventures LLC v. U-Dig-It Enters.*, No. C 10-03227, 2010 U.S. Dist. LEXIS 116502 (N.D. Cal. Oct. 25, 2010); *United States ex rel. FLFMC, LLC v. T.F.H. Publ'n, Inc.*, No. 2:10cv437, 2010 U.S. Dist. LEXIS 111434 (W.D. Pa. Oct. 20, 2010); *Zojo Solutions, Inc. v. Leviton Mfg. Co.*, No. 10 C 881, 2010 U.S. Dist. LEXIS 112370 (N.D. Ill. Oct. 20, 2010); *Gonzales v. Palo Alto Labs, Inc.*, No. C 10-2456, 2010 U.S. Dist. LEXIS 110295 (N.D. Cal. Oct. 6, 2010); *Lightspeed Aviation, Inc. v. Bose Corp.*, No. 10-CV-239-BR, 2010 U.S. Dist. LEXIS 106607 (D. Or. Sept. 30, 2010); *Simonian v. Pella Corp.*, No. 10 C 1253, 2010 U.S. Dist. LEXIS 79901 (N.D. Ill. Aug. 5, 2010); *United States ex rel. FLFMC, LLC v. Ohio Art Co.*, No. 10-230, 2010 U.S. Dist. LEXIS 77508 (W.D. Pa. July 30, 2010); and *San Francisco Tech., Inc. v. Glad Prods. Co.*, No. 10-CV-00966, 2010 U.S. Dist. LEXIS 83681 (N.D. Cal. July 19, 2010).

As shown above, a transfer of this action is warranted by virtue of Fifth Circuit and Federal Circuit precedent, and by virtue of a consideration of the relevant private- and public-interest factors. Furthermore, district courts faced with analogous facts have overwhelmingly

granted motions to transfer venue in false marking actions. Accordingly, FedEx has shown good cause to grant this motion to transfer venue.

## V. CONCLUSION

This action should be transferred pursuant to 28 U.S.C. § 1404(a) to the Western Division of the Western District of Tennessee, in the interest of convenience and justice. The Defendant, and the evidence and witnesses relevant to the action are located in the Western District of Tennessee, and there is no connection to the Eastern District of Texas to warrant retaining the action in this Court. Accordingly, Defendant Federal Express Corporation respectfully requests that the Court transfer the action to the Western District of Tennessee.

February 25, 2011                              Respectfully submitted,

                                               */s/ Elizabeth Yvonne McElroy*
                                               John T. Cox III
                                               Texas Bar No. 24003722
                                               Elizabeth Y. McElroy
                                               Texas Bar No. 24067758
                                               **LYNN TILLOTSON PINKER & COX, LLP**
                                               2100 Ross Avenue, Suite 2700
                                               Dallas, Texas  75201
                                               (214) 981-3800 Telephone
                                               (214) 981-3839 Facsimile

                                               **ATTORNEYS FOR DEFENDANT**
                                               **FEDERAL EXPRESS CORPORATION**


## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the parties have complied with the meet and confer requirement of Local Rule CV-7(h). Michael Gabel, in-house counsel for Defendant, and Scott A. Severt, counsel for Plaintiff, conferred via telephone on or about February 15, 2011.  Counsel for Plaintiff indicated that Plaintiff does not oppose Defendant's Motion to Transfer.

                                               *s/ Elizabeth Yvonne McElroy*
                                               Elizabeth Y. McElroy


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Transfer was served on February 25, 2011, on the attorneys of record for all parties via the Court's CM/ECF system as follows:

    Gregory Phillip Love
    Kyle Joseph Nelson
    Scott English Stevens
    STEVENS LOVE HILL HOLT PLLC
    111 West Tyler Street
    Longview, TX  75601

                                               */s/ Elizabeth Yvonne McElroy*
                                               Elizabeth Y. McElroy